IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK MCCANN,

                         Plaintiff,                              OPINION & ORDER

  v.

PACAL BAYLEY,                                                15-cv-243-jdp

                        Defendant.

---

Plaintiff Derrick McCann, a Madison resident, has filed this proposed civil action in which he states that defendant Pacal Bayley discriminated against him based on his race with regard to his music career. The court has already concluded that plaintiff may proceed *in forma pauperis* in this case without prepayment of any portion of the $350 filing fee.

The next step is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and accept plaintiff's allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

After reviewing plaintiff's complaint with these principles in mind, I conclude that it must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8. I will give plaintiff an opportunity to correct this problem.

ALLEGATIONS OF FACT

I draw the following facts from plaintiff's complaint. Plaintiff Derrick McCann, an African American resident of Madison, is a hip-hop artist who performs under the name "Lil Rail." In 2009, plaintiff started a business relationship with music producer Pacal Bayley, who goes by the name "DJ Pain 1."

Plaintiff and defendant collaborated on several songs, but at some point, defendant stopped supporting plaintiff's career. Plaintiff says that defendant "has used his power to make sure [plaintiff's] original vocals and beat don't get released," and that defendant "put all energy into helping other artist[s] around the world but not his own in the community." Plaintiff has attempted to contact defendant but he has not heard back from him.

ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). As with plaintiff's other pending lawsuits in this court, *McCann v. Family Court Counseling Service*, 15-cv-093-jdp (W.D. Wis.), and *McCann v. Doyle*, 15-cv-104-jdp (W.D. Wis.), plaintiff's allegations in this case fail to comply with these rules.

Although plaintiff is saying that defendant discriminated against him based on his race and that their business relationship has soured, he does not explain enough about defendant's actions or the nature of their business relationship to be able to tell whether

2

anything defendant has done violated plaintiff's rights under either federal or state law. For instance, plaintiff alleges that defendant "used his power to make sure [plaintiff's songs] don't get released," but he does not explain what he means by this. He does not explain whether defendant had a contractual obligation to support him in any way, and he does not explain why he thinks his race has anything to do with defendant's actions.

I will dismiss plaintiff's complaint for violating Rule 8, and give him a chance to file an amended complaint setting out his claims against defendant in short and plain statements. Plaintiff should draft his amended complaint as if he were telling a story to people who know nothing about him, defendant, or the events that are the subject of his case. In particular, plaintiff should explain the nature of his business relationship with defendant, what actions defendant took that plaintiff believes harmed him, and why he believes these actions constituted racial discrimination or otherwise are unlawful. If plaintiff does not submit an amended complaint by the deadline set forth below, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

Because there is the possibility that, even after plaintiff amends his complaint, this case will involve only state law claims, I will also ask plaintiff to show whether this court may exercise diversity jurisdiction over his claims. This federal court cannot decide a case involving only state law claims unless the complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Based on his current allegations, it seems likely that both plaintiff and defendant are citizens of Wisconsin. If this is not the case, plaintiff should amend his complaint to explain both his and defendant's citizenship. He should also explain much money he seeks as damages in this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Derrick McCann's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until June 23, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

Entered June 2, 2016.

                            BY THE COURT:

                            /s/

                            _____
                            JAMES D. PETERSON
                            District Judge